**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| OLIVIA VAN HOUSEN, STEFAN REBIC, and NATE DLUZAK, individually and on behalf of all others similarly situated, <br><br>     *Plaintiffs*, <br><br> vs. <br><br> AMAZON.COM, INC. D/B/A JUST WALK OUT and AMAZON WEB SERVICES, INC., <br><br>     *Defendants*. | Case No. <br><br> (Removed from: Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2023CH08292) <br><br> Complaint Filed: September 20, 2023 <br> Complaint Served: October 4, 2023 |

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4, Defendants Amazon.com, Inc. and Amazon Web Services, Inc. ("AWS") (together, "Amazon" or "Defendants") hereby remove the above-entitled action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

## I. PROCEDURAL HISTORY

1. On October 4, 2023, plaintiffs Van Housen, Rebic, and Dluzak ("Plaintiffs") served Amazon Web Services, Inc. with a Complaint filed in the Circuit Court of Cook County entitled *Olivia Van Housen, Stefan Rebic, and Nate Dluzak, individually and on behalf of all others similarly situated, v. Amazon.com, Inc. D/B/A Just Walk Out and Amazon Web Services, Inc.*, Case

6514778

No. 2023CH08292 (the "Action").[1]  (Ex. A (2023-09-20 Class Action Complaint)) ("Complaint" or "Compl.").  On October 9, 2023, the same complaint was served on Amazon.com, Inc.  The Complaint alleges claims for: (1) violation of Section 15(a) of Illinois's Biometric Information Privacy Act ("BIPA"); (2) violation of Section 15(b) of BIPA; (3) violation of Section 15(c) of BIPA; (4) violation of Section 15(d) of BIPA.  Defendants deny liability.

## II.  THIS COURT HAS CAFA JURISDICTION OVER THIS MATTER

2.      Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), Plaintiffs' allegations, if accepted as true,[2] show that this Court has original jurisdiction because: (1) this Action is a putative class action; (2) there is sufficient diversity of citizenship; and (3) Plaintiffs seek over $5 million in damages.

### A.      The Putative Class Size Exceeds 100.

3.      This Action is a putative class action.  A "class action" is defined under CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a).

4.      The Plaintiffs have filed the Action as a purported class action and seek to certify a class pursuant to 735 ILCS 5/2-801.  (Compl. ¶¶ 47, 82(a).) Plaintiffs identify their proposed class as: "[a]ll persons who entered" one of at least 14 Amazon Fresh Stores and/or Amazon Go Stores in Illinois from September 20, 2018 to the present.  (Compl. ¶ 47.)   Indeed, the Plaintiffs

---

[1] "Ex." refers to exhibits attached to the Declaration of Kathleen A. Stetsko, filed herewith.  Ex. A includes all state court pleadings served on Defendants pursuant to 28 U.S.C. § 1446(a).

[2] Defendants deny liability but accept Plaintiffs' allegations for the purposes of establishing removal.  *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.").

themselves allege the number of class members is "thousands of shoppers each week." (*Id.* ¶¶ 47, 50). Taken as true, more than 100,000 shoppers have visited one of these stores in the past two years alone. The class size requirement is thus met.

**B.    There is Sufficient Diversity Between the Parties.**

5.    There is sufficient diversity of citizenship. Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

6.    The named Plaintiffs are "natural people residing in the State of Illinois." (Compl. ¶¶ 16). The proposed class also includes "[a]ll persons who entered" the specified stories in Illinois. (*Id.* ¶ 47). The proposed class thus includes Illinois citizens.

7.    Defendant Amazon.com, Inc. is a Delaware-incorporated company (Compl. ¶¶ 45, 60), with a principal place of business in Seattle, Washington (Declaration of Ricardo Rui in Support of Defendants' Notice of Removal ("Amazon Decl.") ¶ 3). Defendant Amazon Web Services, Inc. is a subsidiary of Amazon.com, Inc. and is similarly incorporated in Delaware with its principal place of business in Seattle, Washington. (*Id.* ¶ 4.) Because at least one putative class member is a citizen of Illinois and the Defendants are citizens of states other than Illinois, there is diversity of citizenship under CAFA.

**C.    The Amount in Controversy Exceeds $5 Million.**

8.    The amount in controversy requirement is satisfied. CAFA confers jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Additionally, "[i]n any class action, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6).

- 3 -

9. As detailed above, Plaintiffs are seeking damages based on alleged violations of BIPA. For each of the four claims, Plaintiffs seek "the greater of liquidated damages of $5,000 or actual damages" for Defendants' alleged intentional or reckless violations and "the greater of liquidated damages of $1,000 or actual damages" for each of Defendants' alleged negligent violations. (Compl. ¶¶ 64, 71, 76, 81.) The class period is "September 20, 2018, through the present, to the date of trial. (*Id.* ¶ 48.)

10. Since September 20, 2018, approximately 226,308 customers entered an Amazon Go store in Illinois specified in the Complaint. (Amazon Decl. ¶ 6.) Accepting Plaintiffs' allegations as true, applying the minimum $1,000 liquidated damage amount to each of the approximately 226,308 customers (not unique visits) of Amazon Go stores during the relevant time period, and not accounting for additional customers who may have visited Amazon Fresh stores, Plaintiffs seek damages far in excess of CAFA's $5 million amount-in-controversy requirement. For the avoidance of doubt, Defendants deny that Plaintiffs are entitled to any damages.

## III. REMOVAL IS TIMELY

11. AWS was served on October 4, 2023. (Stetsko Decl. ¶ 4.) Amazon.com, Inc. was served on October 9, 2023. (*Id.*) The removal is timely because it is filed within 30 days after service. 28 U.S.C. § 1446(b)(2)(B).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully remove this Action to federal court. A copy of this Notice of Removal is also being filed with the Circuit Court of Cook County, Illinois and concurrently served on all counsel of record. By removing this Action to this Court, Defendants do not waive, and expressly preserve, any and all available arguments and defenses.

- 5 -

Respectfully submitted,

By: */s/ Kathleen A. Stetsko*
Kathleen A. Stetsko

Nicola Menaldo
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: NMenaldo@perkinscoie.com

Kathleen A. Stetsko
J. Mylan Traylor
**Perkins Coie LLP**
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Fax: 312.324.9400
Email: KStetsko@perkinscoie.com
Email: Mtraylor@perkinscoie.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. I also certify that I caused the foregoing to be served by email to the following attorneys:

Justin N. Boley
Eaghan S. Davis
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
T: (312) 346-2222
jnb@wbe-llp.com
esd@ wbe-llp.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606
T: (312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 3, 2023:

By: /s/ Kathleen A. Stetsko_____
Kathleen A. Stetsko

Attorney for Defendants

- 6 -