# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLIVIA VAN HOUSEN, STEFAN REBIC, and NATE DLUZEK, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-15634 |
| Plaintiffs, | Judge: Honorable LaShonda A. Hunt |
| vs. | Magistrate: Honorable Gabriel A. Fuentes |
| AMAZON.COM, INC. D/B/A JUST WALK OUT and AMAZON WEB SERVICES, INC., | |
| Defendants. | |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT ............................................................................................................... 3

      A.      Plaintiffs Do Not Plausibly Allege that JWO Technology Captures
            Biometric Identifiers .......................................................................................... 3

            1.      Plaintiffs Do Not Plausibly Allege that the Identified Patents
                   Are Implemented in JWO Technology ...................................................... 4

            2.      Plaintiffs Do Not Otherwise Plausibly Allege that JWO
                   Technology Collects "Biometric Identifiers," as Defined by
                   BIPA ........................................................................................................ 6

      B.      Plaintiffs Do Not Plausibly Allege Disclosure of Biometric
            Identifiers under Section 15(d) of BIPA in Count 4 ........................................... 9

III.    CONCLUSION ........................................................................................................... 10

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 1, 2, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 1, 9

*Bresaz v. Cnty. of Santa Clara*,
  2015 WL 1230316 (N.D. Cal. Mar. 17, 2015) .................................................. 5

*Brownmark Films, LLC v. Comedy Partners*,
  682 F.3d 687 (7th Cir. 2012) ............................................................................ 7

*Carpenter v. McDonald's Corp.*,
  580 F. Supp. 3d 512 (N.D. Ill. 2022) ......................................................... 3, 10

*Cothron v. White Castle Sys., Inc.*,
  467 F. Supp. 3d 604 (N.D. Ill. 2020) ............................................................... 8

*Green v. Beth*,
  663 F. App'x 471 (7th Cir. 2016) ..................................................................... 9

*Holland v. Lake Cnty. Mun. Gov't*,
  605 F. App'x 579 (7th Cir. 2015) ..................................................................... 5

*In re Witaschek*,
  2018 WL 1386695 (Bankr. D.D.C. Mar. 16, 2018) .......................................... 5

*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) ............................................................................ 7

*Namuwonge v. Kronos, Inc.*,
  418 F. Supp. 3d 279 (N.D. Ill. 2019) .............................................................. 10

*Rivera v. Google Inc.*,
  238 F. Supp. 3d 1088 (N.D. Ill. 2017) .............................................................. 8

*Stove Builder Int'l, Inc. v. GHP Grp.*,
  280 F.R.D. 402 (N.D. Ill. 2012) ........................................................................ 1

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ........................................................................................... 6

TABLE OF AUTHORITIES (cont.)

Page(s)

*Vance v. Amazon.com Inc.*,
   525 F. Supp. 3d 1301 (W.D. Wash. 2021)................................................................... 8, 9

**Statutes**

740 ILCS 14/20................................................................................................................ 6

740 ILCS 14/10................................................................................................................ 7

6593779

I.    **INTRODUCTION**

Ignoring the cases Amazon cited and their own pleading burden, Plaintiffs claim that Amazon's Motion boils down to simply: "Just trust us."**[1]** (*See* ECF 33 ("Opp.") at 1.) Not so. It is *Plaintiffs* who ask this Court to allow their claim to proceed simply because *they think* that it is conceivable that the JWO Technology collects, captures, and discloses biometric identifiers in violation of BIPA and discovery *could* help them figure out whether they are right. (*Id.* at 2.) But the Supreme Court is clear that it is the *Plaintiffs'* responsibility to identify sufficient facts to plead a plausible claim, not Amazon's responsibility to disprove Plaintiffs' speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation"). Plaintiffs must "nudge [their] claims . . . across the line from conceivable to plausible." *Id.* (cleaned up). These Plaintiffs have failed to do so.

Plaintiffs were obliged to conduct a pre-filing investigation to assert sufficient facts to make their BIPA claims plausible. *See Stove Builder Int'l, Inc. v. GHP Grp.*, 280 F.R.D. 402, 403 (N.D. Ill. 2012) (holding that the Federal Rules "require[] [plaintiffs'] counsel to have made a reasonable prefiling inquiry—one that must be conducted in good faith, both subjective and objective"). But the Opposition makes clear that Plaintiffs did not do so. Instead, Plaintiffs cherry-picked terms from select Amazon patents and then hypothesized, without any objective reason to do so, that the JWO Technology *may* practice some of the *permissive* claims and embodiments in those patents and discovery *might* prove Plaintiffs right (or, more accurately, wrong). But when Amazon pointed out in the Motion that the JWO Technology is not in fact marked with any of those patents and those patents involve technology (like robots) that the JWO Technology plainly does not utilize, Plaintiffs shift the focus again: faulting Amazon for not identifying which patents are relevant. The burden is on Plaintiffs, not Amazon, to plead a plausible claim.

Plaintiffs also ignore obvious explanations that reveal the implausibility of their claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court must consider an "alternative

---

**[1]** Since Plaintiffs refer to both Defendants as "Amazon," this brief does the same.

explanation" in determining whether a claim is plausible). Plaintiffs suggest that Amazon's ability to track customer movements using a "network of cameras" supports an inference that Amazon is capturing biometric identifiers (as narrowly defined by BIPA). But this suggestion ignores documents cited in *Plaintiffs' own Complaint* which explain how the JWO Technology *actually works*, including that "[n]o facial recognition is used." (Compl. ¶ 18 n.15 (citing ECF 24-3, 24-24 (transcript of video explaining JWO Technology)).) The Court cannot ignore those public explanations, which are incorporated by reference into the Complaint. Therefore, to state a plausible claim under *Iqbal*, Plaintiffs bear the burden of alleging *specific facts* supporting a reasonable inference that Amazon's disclosures are inaccurate and that its JWO Technology does in fact capture biometric identifiers. Plaintiffs allege no such facts, instead offering pure conjecture that falls far short of satisfying that burden.

Worse, in persisting with this lawsuit, Plaintiffs ignore clear evidence that their speculation about Amazon's JWO Technology is wrong. Three months ago, before filing its Motion, Amazon sent Plaintiffs a sworn declaration from an experienced investigator who attested that the JWO Technology worked in an Amazon Go store in Chicago even though he was dressed in attire that covered *all of his biometric identifiers*. (*See* ECF 24-5 (investigator purchased products from the store while wearing a face covering, gloves, and sunglasses and without speaking).) Plaintiffs never explain how their allegations can be plausible when customers regularly enter stores with their biometric identifiers covered (including by wearing gloves and face coverings), especially during cold weather in Chicago or during the COVID mask mandates. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Significantly, despite trying to diminish the declaration as a "paid-for demonstration," Plaintiffs do not dispute that the JWO Technology works as intended without capturing any biometric identifiers.

Plaintiffs' silence is critical. It cannot be plausible that the JWO Technology captures consumers' biometric identifiers if it functions normally without them. And, apart from

- 2 -

speculation, Plaintiffs do not explain why the JWO Technology needs to collect biometric identifiers when it works perfectly without them. Indeed, Plaintiffs had the ability—and, in fact, the obligation—to buttress their speculative theories by testing this for themselves. For example, Plaintiffs could easily have replicated the investigator's test or performed another to verify the accuracy of their conclusory allegations. Yet, despite the notice Amazon provided months ago, Plaintiffs did not do even this modicum of diligence before demanding this Court's time and imposing the continuing burdens of litigation. Plaintiffs' Complaint should therefore be dismissed in its entirety.

Moreover, even if Plaintiffs had plausibly pleaded that Amazon collects biometric identifiers, they fail to plausibly allege that Amazon disclosed their biometric identifiers to third parties in violation of BIPA Section 15(d). In Opposition, Plaintiffs argue that—despite Amazon being the largest cloud service provider globally—Amazon *could* share the biometric identifiers by hosting them on third party servers. But, again, Plaintiffs offer *no specific facts* in support of this argument, impermissibly falling back upon the "possibility" that Amazon could do so. That is insufficient under *Iqbal*, and Plaintiffs' BIPA Section 15(d) claim must be dismissed on this basis as well. *See, e.g.*, *Carpenter v. McDonald's Corp.*, 580 F. Supp. 3d 512, 519 (N.D. Ill. 2022) (dismissing BIPA section 15(d) claim where plaintiffs offered no "factual support" to support "allegations regarding disclosure, redisclosure, or dissemination").

## II.    ARGUMENT

### A.    Plaintiffs Do Not Plausibly Allege that JWO Technology Captures Biometric Identifiers

Each of Plaintiffs' BIPA claims requires a plausible allegation that the JWO Technology collects biometric identifiers.[2] (Mot. at 2.) Plaintiffs parrot the statutory language by alleging that the JWO Technology captures scans of "facial geometry, hand geometry, and voice print," but

---

[2] Plaintiffs march through their causes of action for Sections 15(a) – 15(d) without acknowledging that they must first and foremost plausibly allege that the JWO Technology collects biometric identifiers as defined by BIPA. (Opp. at 5-9.)

6593779

they identify only two categories of supposed facts in support: (1) Amazon's "patents," and in particular the '396 Patent; and (2) the use of a "network of cameras" in the Amazon Go stores. (Mot. at 5-6.) Amazon explained in its moving papers why these allegations are insufficient to plausibly allege a BIPA claim. (*Id.* At 6-12.) In response, Plaintiffs do not dispute that these allegations are all they have to support their claim. They instead argue that the "patents" and "network of cameras" allegations are sufficient to push their claims across the line from conceivable to plausible. (Opp. at 10-13.) Not so.

        1.    <u>Plaintiffs Do Not Plausibly Allege that the Identified Patents Are Implemented in JWO Technology</u>

Amazon demonstrated that Plaintiffs' allegations fail to plausibly establish that the JWO Technology is reflected in the "various patent filings," and particularly, the '396 Patent, which are described in the Complaint. (Mot. at 6-9 (citing Compl. ¶ 25 n.18).) In particular, Amazon established that (1) Plaintiffs concede that the patents only "*appear to relate* to JWO [T]echnology" but have alleged nothing to tie the patents to the JWO Technology; (2) Plaintiffs do not allege that the JWO Technology is marked with the patents cited by Plaintiffs in the Complaint (nor can they, as the JWO Technology is not marked); (3) a review of the patents cited by Plaintiffs reveals many dissimilarities to the JWO Technology; and (4) even if it were plausible that some aspects of the patents were being practiced in the JWO Technology, the claims Plaintiffs' cite are only examples of *possible* and *permissive* uses of the patented technology. Plaintiffs' Response fails to meaningfully address any of these arguments.

*First*, Plaintiffs' Response does not tie the patents cited in the Complaint to the JWO Technology. Plaintiffs argue that "the technology and processes described in the '396 Patent bear a striking resemblance to" the JWO Technology, (Opp. at 10), but they cite no factual allegations actually showing such a resemblance. Nor could they, as even a cursory review of the the'396 Patent reveals many more *dissimilarities* with the JWO Technology than similarities. (Mot. at 7.) For example, the Patent is titled "Transitioning Items From a Materials Handling Facility" and contains many claims that are not alleged to be implemented in the Amazon Stores, such as

configuring robots, the presence of "light curtains," or using "portable device[s]" with microphones and joysticks in a materials handling facility. (*Id.*; ECF 24-6 at 15, 20.) Plaintiffs' only rejoinder is that "a retail store is *one of the potential applications* for the technology described in the '396 Patent," (Opp. at 10 (emphasis added)). But a single mention of one "*potential*" use of the technology described in the patent does not support a reasonable inference that Amazon is actually using the technology in that matter, let alone that it is using *permissive* aspects of the technology (such as facial recognition and voiceprints). Plaintiffs' failure to plead any actual connection between the '396 Patent and JWO Technology makes clear that Plaintiffs' allegations "amounts to nothing more than speculation," which is insufficient to survive a motion to dismiss. *Holland v. Lake Cnty. Mun. Gov't*, 605 F. App'x 579, 580 (7th Cir. 2015) (claim "amounts to nothing more than speculation, which is insufficient to state a plausible claim for relief.").

*Second*, Plaintiffs do not dispute that they fail to allege that the JWO Technology was marked with any of the alleged patents. *See, e.g.*, *Am. Med. Sys., Inc. v. Med. Eng'g Corp*., 6 F.3d 1523, 1538 (Fed. Cir. 1993) (under patent laws, patent-holders are required to mark patented apparatus to give notice to the public of the patent). Instead, they pointlessly assert that *Amazon* "does not identify any other patent that purportedly covers" the JWO Technology. (Opp. at 11.) This is irrelevant: Amazon is not *required* to identify which patent, if any, is implicated by the JWO Technology. It is instead *Plaintiffs'* burden to plead a plausible claim.[3] Their failure to do so, relying only on a claim that the patents "*appear to*" relate to the JWO Technology, requires dismissal. *See Bresaz v. Cnty. of Santa Clara*, 2015 WL 1230316, at *6 (N.D. Cal. Mar. 17, 2015) ("that the Decedent *appeared to be* 'manic' is [] insufficient" absent allegations "that the Decedent *was* manic" to allege disability (emphasis added)); *In re Witaschek*, 2018 WL 1386695, at *1 (Bankr. D.D.C. Mar. 16, 2018) ("[A]lleging that the District '*appears* to have assessed' taxes for

---

[3] Plaintiffs complain in a footnote that the required diligence would require them to "show[] up at the relevant stores with ladders." (Opp. at 11 n.3.) Not so. Nothing prevents Plaintiffs from looking up at the technology in the ceilings or looking for the cameras they allege are embedded in the shelves, which would be at eye level and would not require a ladder to view.

prepetition years is insufficient to allege that the taxes were *actually* assessed" (emphasis added)).

*Third*, Plaintiffs concede that they have not alleged, and have no basis to allege, that the claims in the '396 Patent related to face, voice, or hand recognition technology are actually implemented in the JWO Technology. As Amazon pointed out, even if the '396 Patent were being practiced in the JWO Technology, these claims were explicitly permissive, rather than mandatory, and thus the mere fact that the '396 patent contains these claims does not support a reasonable inference that the JWO Technology captures biometric identifiers. (Mot. at 8.)

In response, Plaintiffs *agree* that patents often include claims that are *not* implemented into the ultimate technology. (*See* Opp. at 11-12 (arguing that patent applicants are incentivized to "describe fuller functionality" using permissive language like "may" rather than "limiting claims to specific implementations," in order to "preserve broad patent rights *over future iterations*").) And they concede that (i) "the '396 Patent [may be] *broader than the technology employed today,*" and (ii) although "certain capabilities . . . may not presently be implemented in Amazon Fresh and Go stores. . . *they could someday be.*" (Opp. at 12 (emphasis added).) These are fatal admissions because Plaintiffs cannot assert a claim based on what the JWO Technology *might do in the future.* Indeed, the statute and case law require that, to have standing, Plaintiffs must be "aggrieved" today, not that they may suffer some speculative future harm. *See* 740 ILCS 14/20 (limiting standing to "aggrieved" persons); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021) ("risk of future harm on its own does not support Article III standing for the plaintiffs' damages claim.").

In sum, Plaintiffs' Opposition fails to contradict, and in fact concedes in many respects, Amazon's argument that the identified patents do not make Plaintiffs' BIPA claims plausible.

> 2.    Plaintiffs Do Not Otherwise Plausibly Allege that JWO Technology
> Collects "Biometric Identifiers," as Defined by BIPA

As Amazon established in its moving papers, Plaintiffs' allegations about the existence of a "network of cameras" is insufficient to plead a plausible claim because, among other things, then virtually every BIPA claim against an Illinois retailer who uses cameras for any purpose would survive the pleading stage. (Mot. at 9-12.) Plaintiffs offer no meaningful response to this argument,

6593779

instead responding with two arguments that have little to do with their pleading. Both fail.

*First*, Plaintiffs characterize Amazon's arguments as "simply den[ying] plaintiffs' factual allegations," and argue that the Motion is based on "unsubstantiated factual representations." (Opp. at 9). Not so. Amazon's arguments establish the implausibility and conclusory nature of Plaintiffs' Complaint by highlighting the lack of specific facts. For example, Plaintiffs' vague assertion that "overhead cameras" somehow capture their facial geometry, absent specific facts, is too speculative and conclusory to survive a motion to dismiss. (*See* Mot. at 11.) Amazon includes examples not just to show that "JWO Technology *might have trouble* capturing biometrics," (Opp. at 14), but that based on "common sense" and judicially noticeable facts (including multiyear mask mandates) *it would be impossible* for JWO Technology to capture facial geometry. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 664).

Some of these examples come from *Plaintiffs' own allegations*. In their Complaint, Plaintiffs cite to an explanatory video on JWO Technology that explicitly states: "No facial recognition is used." (Compl. ¶ 18 n 15 (citing ECF 24-4 (transcript of video at 1:38)).) The Court may consider these references when ruling on a motion to dismiss. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment."). Moreover, Plaintiffs do not dispute that they failed to include any allegations that Plaintiffs spoke or otherwise vocalized in the store, or that there are microphones in the stores, making it implausible that the JWO Technology captures voiceprints (and certainly not Plaintiffs').

Plaintiffs instead claim that their allegations "exceed those accepted by other courts in BIPA cases." (Opp. at 12.) But Plaintiffs have not pointed to any case law that excuses them from identifying specific allegations that plausibly allege that JWO Technology collects "retina or iris scan[s], fingerprint[s], voiceprint[s], or scan[s] of hand or face geometry," 740 ILCS 14/10:

- Plaintiffs cite *Cothron v. White Castle Sys., Inc.* to argue that a plaintiff's allegations can be sufficient "[d]espite not knowing the specific technological underpinnings of the biometric

process." (Opp. at 12 (citing 467 F. Supp. 3d 604, 618 (N.D. Ill. 2020).) But in *Cothron*, there was no dispute that the technology captured biometric identifiers: allegations involved a "fingerprint-based computer system that required [plaintiff], as a condition of continued employment, to scan and register her fingerprint." *Cothron*, 467 F. Supp. 3d at 610. Accordingly, *Cothron* does not aid Plaintiffs here.

- Citing *Rivera v. Google Inc.*, Plaintiffs assert in a footnote that they "allege a plausible violation because JWO uses machine learning and artificial intelligence to convert those identifiers to biometric information for purposes of tracking shoppers." (Opp. at 11 n.2 (citing 238 F. Supp. 3d 1088, 1097 (N.D. Ill. 2017)) In *Rivera*, plaintiffs alleged that their photographic images were uploaded, without their consent, to a cloud-based service that scanned facial features to create face templates. *Rivera*, 238 F. Supp. 3d at 1097. The court rejected the argument that facial geometry derived from a photograph could not constitute a biometric identifier under BIPA. *Id.* But Plaintiffs in that case specifically alleged *how* Google took uploaded photos, extracted the individuals' facial scans, and created custom face templates, all *for the purpose of* uniquely identifying individuals. *Id.* at 1091. Plaintiffs made no such specific factual allegations here.

- Plaintiffs mischaracterize *Vance v. Amazon.com Inc.*, to assert that Amazon's arguments have been rejected by courts. (Opp. at 15 (citing 525 F. Supp. 3d 1301, 1311 (W.D. Wash. 2021).) Not so. *Vance* was not about JWO Technology. In *Vance*, Plaintiffs alleged specific facts to demonstrate how their biometric data was collected when they uploaded photographs of themselves to a photo-sharing website. Plaintiffs allege that the photographs were compiled into a dataset where facial geometry in the photographs were scanned to make available to companies to "improve their facial recognition technology." *Id.* at 1306, 1310-1311. Plaintiffs misleadingly quote *Vance*, which made clear that, as in *Rivera*, 238 F. Supp. 3d 1088, *supra*, the Court was rejecting defendant's arguments regarding "BIPA's applicability *to facial scans derived from photographs*." *Vance*, 525 F. Supp. 3d at 1311 (emphasis added). That ruling has no relevance here, where Plaintiffs allege no specific facts supporting a plausible inference that

- 8 -

Amazon extracted their biometric information from photos or videos. [4]

*Second*, Plaintiffs urge the Court to ignore that their allegations are fatally deficient and instead allow them to proceed to discovery because they lack the information necessary to determine whether the JWO Technology collects biometric identifiers. (Opp. at 13 (asserting that the "key details around the JWO [T]echnology are solely in Amazon's possession.").) But speculating about what discovery might reveal in the future does not relieve Plaintiffs of their burden to plausibly allege their claims today. Plaintiffs' reliance on *Green v. Beth* to justify their plea for discovery is misplaced. There, the Seventh Circuit found that an inmate plausibly alleged deliberate indifference with specific allegations that an unnamed defendant needlessly made him wait six days to treat his broken teeth. The Seventh Circuit held that in light of these allegations, the plaintiff should be allowed to discover the name of the unnamed defendant. 663 F. App'x 471, 474 (7th Cir. 2016). In other words, the plaintiff in *Green* had sufficient facts to allege a wrongful act (waiting for treatment) and harm (broken teeth); he just did not know *who* injured him, which discovery would reveal. *Id.* Here, by contrast, Plaintiffs have alleged no specific facts to even plausibly allege that the JWO Technology collects biometric identifiers, and just wish to proceed to discovery to create a claim. Under controlling Supreme Court precedent, this Court must reject what Plaintiffs attempt to do here: use allegations to impose "the threat of discovery expense." *Twombly*, 550 U.S. at 559. Plaintiffs' BIPA claims must all be dismissed.

### B.   Plaintiffs Do Not Plausibly Allege Disclosure of Biometric Identifiers under Section 15(d) of BIPA in Count 4

Even if Plaintiffs plausibly pleaded that JWO Technology captures biometric identifiers,

---

[4] Amazon ultimately prevailed on summary judgment in *Vance* on other grounds. *Vance*, 2022 WL 12306231, at *8. As for plaintiffs' claim for unjust enrichment, the court found plaintiffs "present[ed] only speculation" that Amazon had used the dataset to improve its own facial recognition product. *Id.* at *9.

Plaintiffs fail to allege any facts supporting their claim under BIPA Section 15(d) that the identifiers were disclosed to a third party. (*See* Mot. at 13-14.) In Opposition, Plaintiffs rely on Amazon's patents to vaguely assert that "Amazon discloses customers' biometrics to 'computing resources,'" but Plaintiffs do not allege any facts even suggesting that these unidentified resources are "external to Amazon." (Opp. at 8-9.) Plaintiffs merely speculate that Amazon *might* rely on external resources and *might* disclose biometric information to third parties, without identifying any such resources or any such third parties. That is far from sufficient to state a Section 15(d) claim, particularly given that Amazon is the nation's largest cloud computing company. It is simply not plausible that Amazon needs to rely on external computing resources to operate its JWO Technology when it owns many of the nation's largest data centers.

Put simply, Plaintiffs' failure to plead any *specific* facts showing that Amazon shares biometric identifiers with third parties requires dismissal of Count 4. *See Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 285 (N.D. Ill. 2019) (dismissing Section 15(d) claim when plaintiff "pleaded on information and belief that [defendant] . . . disclosed her fingerprints to other third parties that host the data"); *Carpenter*, 580 F. Supp. 3d at 519 (dismissing Section 15(d) claim because "all of Plaintiff's allegations regarding disclosure, redisclosure, or dissemination are conclusions that parrot BIPA's language").

## III.   <u>CONCLUSION</u>

Plaintiffs argue that their allegations are sufficient based on what "could [] be," rather than what is. To survive a motion to dismiss, they must do more. Plaintiffs cannot avoid dismissal by relying on inapposite patent claims, pointing to the fact that Amazon Go Stores have cameras (like virtually every retail establishment in Illinois), or speculating about discovery. For the foregoing reasons, Amazon respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice.

- 10 -

Dated: February 5, 2024

Respectfully submitted,

HUESTON HENNIGAN LLP


By: _____

    Moez M. Kaba

    Moez M. Kaba (*admitted pro hac vice*)
    Sourabh Mishra (*admitted pro hac vice*)
    **Hueston Hennigan LLP**
    620 Newport Center Drive
    Newport Beach, CA 92660
    Tel: (949) 356-5536
    Fax: (888) 775-0898
    Email: smishra@hueston.com

    Nicola Menaldo
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Fax: 206.359.9000
    Email: NMenaldo@perkinscoie.com

    Kathleen A. Stetsko
    J. Mylan Traylor
    **Perkins Coie LLP**
    110 N Upper Wacker Dr Suite 3400,
    Chicago, IL 60606
    Telephone: 312.324.8400
    Fax: 312.324.9400
    Email: KStetsko@perkinscoie.com
    Email: Mtraylor@perkinscoie.com

    *Attorneys for Defendants*

6593779